An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DOUGLAS H. CLARK, BAR NO. 4566.

No. 61903

**FILED**

AUG 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Douglas H. Clark. Under the agreement, Clark admitted to numerous violations of RPC 1.1 (competence), RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.7 (conflict of interest: current clients), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 3.4(a) (fairness to opposing party and counsel); RPC 4.4 (respect for rights of third party), RPC 5.3 (responsibility regarding nonlawyer assistants), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(a), (b), (c), and (d) (misconduct).

Clark is currently temporarily suspended from the practice of law. *See In re Discipline of Clark*, Docket No. 54669 (Order of Temporary Suspension, November 18, 2009). The conditional guilty plea agreement provides for a four-year suspension, retroactive to the date of his

14-26820

temporary suspension, subject to the following conditions: (1) Clark shall pay restitution, plus interest, to certain clients and the Client Security Fund, as set forth in the conditional guilty plea agreement; (2) Clark shall continue rehabilitation and recovery of his alcoholism as directed by his therapist, Dr. Hopper, or another licensed therapist as approved by the state bar; (3) Clark is required to complete twice the amount of required CLE credits (24 hours) for 2013 and 2014; (4) prior to petitioning for reinstatement, Clark shall submit to an independent psychological examination for the purpose of evaluating his fitness to practice law; and (5) Clark shall pay the costs of the disciplinary proceedings in the instant matter.[1]

Based on our review of the record, we conclude that the conditional guilty plea agreement should be approved. *See* SCR 113(1). Accordingly, Clark is hereby suspended from the practice of law for four years, retroactive to his temporary suspension, and Clark shall comply with the conditions noted above before applying for reinstatement. The

---

[1]The parties also stipulated to the additional conditions that, for two years following reinstatement, Clark would have a mentor who made periodic reports to the state bar and that Clark would attend at least one Alcoholics Anonymous meeting (or the equivalent) per week. While these conditions appear reasonable, such conditions are more appropriately considered as part of a reinstatement proceeding, and we thus decline to impose them now.

parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.    _____, J.
Pickering                        Hardesty

_____, J.    _____, J.
Parraguirre                      Cherry

---

[2]Clark has been suspended from the practice of law in Nevada since October 2009 for failure to complete required continuing legal education requirements. *See In re Application of Bd. of Continuing Legal Educ.*, Docket No. 54333 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, October 21, 2009). Accordingly, in addition to satisfying the conditions outlined in this order and petitioning for reinstatement pursuant to SCR 116, Clark must also comply with the requirements set forth in SCR 213 in order to be reinstated to the practice of law in Nevada.

SAITTA, J., with whom DOUGLAS, J., agrees, dissenting:

In light of the extent of Clark's misconduct, I would reject the conditional guilty plea agreement and remand for further proceedings before the panel. Accordingly, I dissent from the order approving the agreement.

_____, J.
Saitta

I concur:

_____, J.
Douglas

cc: David Clark, Bar Counsel
Michael J. Warhola, LLC
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court